JOHN MAYHER AND MARY A. MAYHER, HIS WIFE, RE-SPONDENTS, v. PETER BRUNNER, APPELLANT.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *George F. Losche.*

For the respondents, *De Turck & West.*

PER CURIAM.

This was an action in the District Court to recover damages for the alleged deceit of the defendant in representations as to stucco materials in the house which he was about to sell

to the plaintiffs. The case was tried before the judge without a jury and a judgment rendered for the plaintiff.

Appellant contends that the court erred in receiving evidence of misrepresentation, in receiving in evidence a guaranty given by the producers of this stucco as to its qualities, and finally in refusing a nonsuit.

The contention on the first point is that the evidence should have been excluded under the rule in *Naumberg* v. *Young,* 44 *N. J. L.* 343, because not embodied in a written agreement of sale.

The rule against parole evidence to vary a written agreement does not apply to fraudulent representations made to induce the making of such agreement. While it is true that the contract between the plaintiff and the defendant contains a written guaranty as to the stucco for the period of one year from date of closing title, the plaintiff was not obliged to rely wholly on this contractual obligation and to forego reliance on the false representations, but could depend on the truthfulness of the statements to the extent that they were not fraudulently or deceitfully made. Was, therefore, the proof of fraudulent misrepresentation sufficient to justify a finding in favor of the plaintiff? We think not.

The proofs were that Brunner said that the stucco in the house was first class; that he had been building houses and knew the stucco to be first class, and it is only on this representation that the plaintiffs can predicate a claim. The further statement that plaintiffs would have no trouble was merged in the written agreement.

There was proof that in this particular instance the stucco failed of its purpose. It cracked and fell from the house. This, however, falls short of establishing that the representation as to the qualities of the stucco itself was false; indeed the expert called by plaintiff testified that the fault was with the workmanship and not with the material; and even if we assume that the representation can be so construed as to include the workmanship there was no proof that the defendant was willfully deceiving the plaintiffs or that the statement was fraudulently made. He did not make the stucco, nor did

he put it on the building; it was a manufactured product and put on by an independent contractor. In these circumstances we think the plaintiff failed to establish a case and that the court should have granted the motion for nonsuit.

The judgment is reversed.